UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. RIDDELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRYE, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01065-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 9) |

　　　　Plaintiff David W. Riddell is state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 9, 2021, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) be denied because it was determined that plaintiff had sufficient funds in his trust account to pay the filing fee in full. (Doc. No. 9.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 3.) Plaintiff's objections were docketed on July 22, 2021. (Doc. No. 10.) In his objections, plaintiff argues that he does not have sufficient funds to pay the filing fee in its entirety at this time because the source of his funds is "economic impact payments" from the

1

Coronavirus Aid, Relief and Economic Security Act ("CARES Act"). (Doc. No. 10 at 2.) The court is not aware of any authority that stands for the proposition that economic impact payments from the CARES Act cannot be considered in determining whether *in forma pauperis* applicants are able to pay court filing fees, and plaintiff does not provide any such support.

Plaintiff also states that if he were to be required to pay the filing fee, he does not have the sufficient resources to pay for further litigation costs such as the service of the complaint. (*Id.* at 3.) However, Federal Rule of Civil Procedure 4 provides that "[a]t the plaintiff's request, the court may order that service be made by a United Sates marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

Thus, the objections do not provide a reason to depart from the pending findings and recommendations. In his objections, plaintiff further states that if he is denied the ability to proceed *in forma pauperis*, he would rather not proceed with this action. (*Id.*) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1.) The findings and recommendations issued on July 9, 2021 (Doc. No. 9) are adopted in full;

2.) Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;

3.) At plaintiff's request, this action is voluntarily dismissed; and

4.) The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **August 6, 2021**  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

2